**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| WILLIAM MILLER,<br><br>Plaintiff,<br><br>v.<br><br>ELLIOTT AVIATION AIRCRAFT SALES INC. d/b/a ELLIOTT AVIATION, and<br>DAVID DAVIDSON d/b/a FA AVIATION,<br><br>Defendants. | Case No.: 4:13-cv-00161-JAJ-TJS |

**DEFENDANT ELLIOTT AVIATION AIRCRAFT SALES INC. d/b/a ELLIOTT AVIATION'S ANSWER TO THE AMENDED COMPLAINT**

COMES NOW defendant Elliott Aviation Aircraft Sales Inc. d/b/a Elliott Aviation ("Elliott Aviation"), by and through its attorneys, and for its answer to plaintiff William Miller's ("Plaintiff") Amended Complaint, denies each and every thing, matter and allegation contained in Plaintiff's Amended Complaint except as hereinafter accepted, admitted or otherwise allowed, and states and alleges as follows:

## I. The Parties

1. With respect to the allegations in Paragraph 1 of the Amended Complaint, Elliott Aviation is without sufficient knowledge to admit or deny the allegations and therefore denies the allegations in Paragraph 1 of the Amended Complaint.

2. Elliott Aviation admits the allegations contained in Paragraph 2 of the Amended Complaint.

3. On information and belief, Elliott Aviation admits the allegations in Paragraph 3 of the Amended Complaint.

## II. Venue and Jurisdiction

4. The allegations in Paragraph 4 of the Amended Complaint state legal conclusions for which no response is required. To the extent a response is required, Elliott Aviation denies the allegations contained in Paragraph 4 of the Amended Complaint which state legal conclusions.

5. The allegations in Paragraph 5 of the Amended Complaint state legal conclusions for which no response is required. To the extent a response is required, Elliott Aviation does not dispute that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

6. The allegations in Paragraph 6 of the Amended Complaint state legal conclusions for which no response is required. To the extent a response is required, Elliott Aviation denies the allegations contained in Paragraph 6 of the Amended Complaint which state legal conclusions.

## III. Background[1]

7. On information and belief, Elliott Aviation admits the allegations in Paragraph 7 of the Amended Complaint.

8. With respect to the allegations in Paragraph 8 of the Amended Complaint, on information and belief Elliott Aviation admits that Davidson sent Plaintiff the letter attached to the Amended Complaint as Exhibit A, and that the document speaks for itself. To the extent the

[1] Within the "Background" section of the Amended Complaint, Plaintiff has incorporated three paragraphs, labeled "A," "B," and "C," which appear to contain factual allegations relating to this matter. It is unclear from the structure of the Amended Complaint, however, whether the Plaintiff intends these paragraphs to be stand-alone paragraphs requiring a separate response, or simply summary headings for the paragraphs that follow. To the extent Plaintiff intends these paragraphs to be stand-alone paragraphs requiring a separate response, Elliott Aviation is without sufficient knowledge to admit or deny the allegations in these paragraphs, and therefore denies the allegations in Paragraphs "A," "B," and "C," of the Amended Complaint, except that it admits, on information and belief, that Plaintiff hired Davidson to help him find an airplane.

Amended Complaint misstates the contents of the document, the allegations in Paragraph 8 of the Amended Complaint are denied.

9. With respect to the allegations in Paragraph 9 of the Amended Complaint, on information and belief Elliott Aviation admits that Davidson sent Plaintiff the letter attached to the Amended Complaint as Exhibit A, and that the document speaks for itself. To the extent the Amended Complaint misstates the contents of the document, the allegations in Paragraph 9 of the Amended Complaint are denied.

10. With respect to the allegations in Paragraph 10 of the Amended Complaint, on information and belief Elliott Aviation admits that Davidson sent Plaintiff the letter attached to the Amended Complaint as Exhibit A, and that the document speaks for itself. To the extent the Amended Complaint misstates the contents of the document, the allegations in Paragraph 10 of the Amended Complaint are denied.

11. On information and belief, Elliott Aviation admits the allegations in Paragraph 11 of the Amended Complaint.

12. On information and belief, Elliott Aviation admits the allegations in Paragraph 12 of the Amended Complaint.

13. Elliott Aviation admits the allegations of Paragraph 13 of the Amended Complaint.

14. On information and belief, Elliott Aviation admits the allegations in Paragraph 14 of the Amended Complaint.

15. With respect to the allegations in Paragraph 15 of the Amended Complaint, Elliott Aviation admits that it was at one time selling a used, 2007 Hawker 400XP Beechcraft jet aircraft (the "Hawker Aircraft"), and that it advertised the Hawker Aircraft with, among other

things, an online advertisement, but is without sufficient knowledge to admit or deny the remaining allegations and therefore denies the remaining allegations in Paragraph 15 of the Amended Complaint.

16. With respect to the allegations in Paragraph 16 of the Amended Complaint, Elliott Aviation admits that it advertised the Hawker Aircraft with, among other things, an online advertisement, which advertisement speaks for itself. To the extent the Amended Complaint misstates the contents of the document, the allegations in Paragraph 16 of the Amended Complaint are denied.

17. With respect to the allegations in Paragraph 17 of the Amended Complaint, Elliott Aviation admits that it advertised the Hawker Aircraft with, among other things, an online advertisement, which advertisement speaks for itself. To the extent the Amended Complaint misstates the contents of the document, the allegations in Paragraph 17 of the Amended Complaint are denied. Further answering, Elliott Aviation denies that it ever represented to Plaintiff that the Hawker Aircraft was damaged while it was "stationary."

18. Elliott Aviation denies the allegations contained in Paragraph 18 of the Amended Complaint.

19. With respect to the allegations in Paragraph 19 of the Amended Complaint, Elliott Aviation admits that Plaintiff purchased the Hawker Aircraft in December 2009, and that the terms of that purchase are set forth in a written agreement, which speaks for itself. To the extent the Amended Complaint misstates the contents of the document, the allegations in Paragraph 19 of the Amended Complaint are denied.

20. With respect to the allegations in Paragraph 20 of the Amended Complaint, Elliott Aviation admits that it caused work to be performed on the interior of the Hawker Aircraft

pursuant to the terms of an agreement between the parties, which speaks for itself. To the extent the Amended Complaint misstates the contents of the document, the allegations in Paragraph 20 of the Amended Complaint are denied.

21. With respect to the allegations in Paragraph 21 of the Amended Complaint, Elliott Aviation states that the Hawker Aircraft was delivered to and accepted by Plaintiff in 2010, pursuant to the terms of an agreement between the parties, and which delivery was noted in the executed Certificate of Acceptance, the terms of which are set forth in writing and speak for themselves. To the extent the Amended Complaint misstates the contents of the document, the allegations in Paragraph 21 of the Amended Complaint are denied.

22. With respect to the allegations in Paragraph 22 of the Amended Complaint, Elliott Aviation is without sufficient knowledge to admit or deny the allegations and therefore denies the allegations in Paragraph 22 of the Amended Complaint.

23. With respect to the allegations in Paragraph 23 of the Amended Complaint, Elliott Aviation is without sufficient knowledge to admit or deny the allegations and therefore denies the allegations in Paragraph 23 of the Amended Complaint.

24. With respect to the allegations in Paragraph 24 of the Amended Complaint, Elliott Aviation is without sufficient knowledge to admit or deny the allegations and therefore denies the allegations in Paragraph 24 of the Amended Complaint.

25. With respect to the allegations in Paragraph 25 of the Amended Complaint, Elliott Aviation is without sufficient knowledge to admit or deny the allegations and therefore denies the allegations in Paragraph 25 of the Amended Complaint.

26. With respect to the allegations in Paragraph 26 of the Amended Complaint, Elliott Aviation is without sufficient knowledge to admit or deny the allegations and therefore denies

the allegations in Paragraph 26 of the Amended Complaint. Further answering, Elliott Aviation denies that the Hawker Aircraft was involved in a "crash" in 2007.

27. With respect to the allegations in Paragraph 27 of the Amended Complaint, Elliott Aviation is without sufficient knowledge to admit or deny the allegations and therefore denies the allegations in Paragraph 27 of the Amended Complaint. Further answering, Elliott Aviation denies that the work it performed on the Hawker Aircraft was deficient and damaged the aircraft.

28. With respect to the allegations in Paragraph 28 of the Amended Complaint, Elliott Aviation is without sufficient knowledge to admit or deny the allegations and therefore denies the allegations in Paragraph 28 of the Amended Complaint. Further answering, Elliott Aviation denies that the work it performed on the Hawker Aircraft damaged the aircraft.

29. Elliott Aviation denies the allegations in Paragraph 29 of the Amended Complaint.

30. With respect to the allegations in Paragraph 30 of the Amended Complaint, Elliott Aviation denies responsibility for any expenses incurred by Plaintiff in allegedly repairing the interior of the Hawker Aircraft, denies that Plaintiff requested reimbursement from Elliott Aviation and states that it has accordingly not reimbursed Plaintiff for any expenses. Further answering, Elliott Aviation is without sufficient knowledge to admit or deny the allegations with respect to Davidson and therefore denies those allegations in Paragraph 30 of the Amended Complaint.

31. With respect to the allegations in Paragraph 31 of the Amended Complaint, Elliott Aviation denies responsibility for any expenses allegedly incurred by Plaintiff because of anti-icing or rolling problems with the Hawker Aircraft, denies that Plaintiff requested reimbursement from Elliott Aviation and states that it has accordingly not reimbursed Plaintiff for any expenses.

Further answering, Elliott Aviation is without sufficient knowledge to admit or deny the allegations with respect to Davidson and therefore denies those allegations in Paragraph 31 of the Amended Complaint.

## IV. Causes of Action

### A. Breach of Contract against Elliot *[sic]*.

32. The allegations in Paragraph 32 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Elliott Aviation denies the allegations in Paragraph 32 of the Amended Complaint.

33. With respect to the allegations in Paragraph 33 of the Amended Complaint, Elliott Aviation states that the parties' written agreement speaks for itself. To the extent the Amended Complaint misstates the contents of the document, the allegations in Paragraph 33 of the Amended Complaint are denied.

34. Elliott Aviation denies the allegations of Paragraph 34 of the Amended Complaint.

35. Elliott Aviation denies the allegations of Paragraph 35 of the Amended Complaint.

36. Elliott Aviation denies the allegations of Paragraph 36 of the Amended Complaint.

### B. Breach of Contract against Davidson.

37. Elliott Aviation states that the allegations in Paragraph 37 of the Amended Complaint are not directed at Elliott Aviation and therefore, no answer is necessary. However, to the extent the allegations in Paragraph 37 of the Amended Complaint are directed at Elliott Aviation, on information and belief those allegations are admitted.

38. Elliott Aviation states that the allegations in Paragraph 38 of the Amended Complaint are not directed at Elliott Aviation and therefore, no answer is necessary. However, to the extent the allegations in Paragraph 38 of the Amended Complaint are directed at Elliott Aviation, those allegations are denied.

39. Elliott Aviation states that the allegations in Paragraph 39 of the Amended Complaint are not directed at Elliott Aviation and therefore, no answer is necessary. However, to the extent the allegations in Paragraph 39 of the Amended Complaint are directed at Elliott Aviation, those allegations are denied.

40. Elliott Aviation states that the allegations in Paragraph 40 of the Amended Complaint are not directed at Elliott Aviation and therefore, no answer is necessary. However, to the extent the allegations in Paragraph 40 of the Amended Complaint are directed at Elliott Aviation, those allegations are denied.

**C. Negligent Misrepresentation against Davidson.**

41. Elliott Aviation states that the allegations in Paragraph 41 of the Amended Complaint are not directed at Elliott Aviation and therefore, no answer is necessary. However, to the extent the allegations in Paragraph 41 of the Amended Complaint are directed at Elliott Aviation, on information and belief those allegations are admitted.

42. Elliott Aviation states that the allegations in Paragraph 42 of the Amended Complaint are not directed at Elliott Aviation and therefore, no answer is necessary. However, to the extent the allegations in Paragraph 42 of the Amended Complaint are directed at Elliott Aviation, on information and belief those allegations are admitted.

43. Elliott Aviation states that the allegations in Paragraph 43 of the Amended Complaint are not directed at Elliott Aviation and therefore, no answer is necessary. However,

to the extent the allegations in Paragraph 43 of the Amended Complaint are directed at Elliott Aviation, those allegations are denied.

44. Elliott Aviation states that the allegations in Paragraph 44 of the Amended Complaint are not directed at Elliott Aviation and therefore, no answer is necessary. However, to the extent the allegations in Paragraph 44 of the Amended Complaint are directed at Elliott Aviation, those allegations are denied.

45. Elliott Aviation states that the allegations in Paragraph 45 of the Amended Complaint are not directed at Elliott Aviation and therefore, no answer is necessary. However, to the extent the allegations in Paragraph 45 of the Amended Complaint are directed at Elliott Aviation, those allegations are denied.

46. Elliott Aviation states that the allegations in Paragraph 46 of the Amended Complaint are not directed at Elliott Aviation and therefore, no answer is necessary. However, to the extent the allegations in Paragraph 46 of the Amended Complaint are directed at Elliott Aviation, those allegations are denied.

**D. Fraudulent Misrepresentation against Elliot *[sic]*.**

47. With respect to the allegations in Paragraph 47 of the Amended Complaint, Elliott Aviation states that the written advertisement speaks for itself. To the extent the Amended Complaint misstates the contents of the document, the allegations in Paragraph 47 of the Amended Complaint are denied.

48. Elliott Aviation denies the allegations contained in Paragraph 48 of the Amended Complaint.

49. With respect to the allegations in Paragraph 49 of the Amended Complaint, Elliott Aviation denies that it made false representations to Plaintiff regarding the Hawker Aircraft.

50. With respect to the allegations in Paragraph 50 of the Amended Complaint, Elliott Aviation Elliott is without sufficient knowledge to admit or deny what Plaintiff "believes," but denies that the Hawker Aircraft was involved in a "crash" in 2007.

51. With respect to the allegations in Paragraph 51 of the Amended Complaint, Elliott Aviation is without sufficient knowledge to admit or deny what Plaintiff is "aware" of, but denies that it made false representations to Plaintiff regarding the Hawker Aircraft.

52. With respect to the allegations in Paragraph 52 of the Amended Complaint, Elliott Aviation is without sufficient knowledge to admit or deny what Plaintiff "believes," but denies that it made false representations to Plaintiff regarding the Hawker Aircraft.

53. Elliott Aviation denies the allegations contained in Paragraph 53 of the Amended Complaint.

54. Elliott Aviation denies the allegations contained in Paragraph 54 of the Amended Complaint.

55. The allegations in Paragraph 55 of the Amended Complaint state legal conclusions for which no response is required. To the extent a response is required, Elliott Aviation denies the allegations contained in Paragraph 55 of the Amended Complaint. Further answering, Elliott Aviation denies that it had superior knowledge of the Hawker Aircraft's conditions.

56. Elliott Aviation denies the allegations contained in Paragraph 56 of the Amended Complaint.

57. Elliott Aviation denies the allegations contained in Paragraph 57 of the Amended Complaint.

58. Elliott Aviation denies the allegations contained in Paragraph 58 of the Amended Complaint.

**E. Iowa Consumer Fraud Act against Elliot *[sic]*.**

59. The allegations in Paragraph 59 of the Amended Complaint state legal conclusions for which no response is required. To the extent a response is required, Elliott Aviation denies the allegations contained in Paragraph 59 of the Amended Complaint.

60. The allegations in Paragraph 60 of the Amended Complaint state legal conclusions for which no response is required. To the extent a response is required, Elliott Aviation denies the allegations contained in Paragraph 60 of the Amended Complaint.

61. The allegations in Paragraph 61 of the Amended Complaint state legal conclusions for which no response is required. To the extent a response is required, Elliott Aviation denies the allegations contained in Paragraph 61 of the Amended Complaint.

62. The allegations in Paragraph 62 of the Amended Complaint state legal conclusions for which no response is required. To the extent a response is required, Elliott Aviation denies the allegations contained in Paragraph 62 of the Amended Complaint.

63. Elliott Aviation denies the allegations contained in Paragraph 63 of the Amended Complaint.

64. Elliott Aviation denies the allegations contained in Paragraph 64 of the Amended Complaint.

65. Elliott Aviation denies the allegations contained in Paragraph 65 of the Amended Complaint.

**F. Rescission due to Elliot's *[sic]* fraudulent misrepresentation.**

66. The allegations in Paragraph 66 of the Amended Complaint state legal conclusions for which no response is required. To the extent a response is required, Elliott Aviation denies the allegations contained in Paragraph 66 of the Amended Complaint.

67. With respect to the allegations in Paragraph 67 of the Amended Complaint, Elliott Aviation states that any representations contained in its written advertisement speak for themselves. To the extent the Amended Complaint misstates the contents of the document, the allegations in Paragraph 67 of the Amended Complaint are denied.

68. Elliott Aviation denies the allegations contained in Paragraph 68 of the Amended Complaint.

69. With respect to the allegations contained in Paragraph 69 of the Amended Complaint, Elliott Aviation denies that it made false representations to Plaintiff regarding the Hawker Aircraft.

70. Elliott Aviation denies the allegations contained in Paragraph 70 of the Amended Complaint.

71. Elliott Aviation denies the allegations contained in Paragraph 71 of the Amended Complaint.

72. Elliott Aviation denies the allegations contained in Paragraph 72 of the Amended Complaint.

73. Elliott Aviation denies the allegations contained in Paragraph 73 of the Amended Complaint.

74. Elliott Aviation denies the allegations contained in Paragraph 74 of the Amended Complaint.

**G. Breach of Express Warranty against Elliot *[sic]*.**

75. With respect to the allegations in Paragraph 75 of the Amended Complaint, no response is required because this claim was dismissed. See Order of Judge Jarvey dated March 31, 2014 (ECF 41). To the extent a response is required, Elliott Aviation denies the allegations in Paragraph 75 of the Complaint.

76. With respect to the allegations in Paragraph 76 of the Amended Complaint, no response is required because this claim was dismissed. See Order of Judge Jarvey dated March 31, 2014 (ECF 41). To the extent a response is required, Elliott Aviation denies the allegations in Paragraph 76 of the Complaint.

77. With respect to the allegations in Paragraph 77 of the Amended Complaint, no response is required because this claim was dismissed. See Order of Judge Jarvey dated March 31, 2014 (ECF 41). To the extent a response is required, Elliott Aviation denies the allegations in Paragraph 77 of the Complaint.

78. With respect to the allegations in Paragraph 78 of the Amended Complaint, no response is required because this claim was dismissed. See Order of Judge Jarvey dated March 31, 2014 (ECF 41). To the extent a response is required, Elliott Aviation denies the allegations in Paragraph 78 of the Complaint.

79. With respect to the allegations in Paragraph 79 of the Amended Complaint, no response is required because this claim was dismissed. See Order of Judge Jarvey dated March 31, 2014 (ECF 41). To the extent a response is required, Elliott Aviation denies the allegations in Paragraph 79 of the Complaint.

**H. Rescission due to Mutual Mistake of Elliot *[sic]* and Miller.**

80. The allegations in Paragraph 80 of the Amended Complaint state legal conclusions for which no response is required. To the extent a response is required, Elliott Aviation denies the allegations contained in Paragraph 80 of the Amended Complaint.

81. Elliott Aviation denies the allegations contained in Paragraph 81 of the Amended Complaint.

82. With respect to the allegations in Paragraph 82 of the Amended Complaint, Elliott Aviation is without sufficient knowledge to admit or deny what Plaintiff "believed," but denies that it made false representations to Plaintiff regarding the Hawker Aircraft.

83. Elliott Aviation denies the allegations contained in Paragraph 83 of the Amended Complaint.

84. Elliott Aviation denies the allegations contained in Paragraph 84 of the Amended Complaint.

85. Elliott Aviation denies the allegations contained in Paragraph 85 of the Amended Complaint.

86. Elliott Aviation denies the allegations contained in Paragraph 86 of the Amended Complaint.

87. Elliott Aviation denies the allegations contained in Paragraph 87 of the Amended Complaint.

## V. Request for Relief

88. With respect to the allegations in Paragraph 88 of the Amended Complaint, Elliott Aviation denies that Plaintiff is entitled to the relief requested, but concurs with Plaintiff's request for a jury.

## AFFIRMATIVE DEFENSES

89. Plaintiff's claims, in whole or in part, fail to state a claim upon which relief may be granted.

90. Plaintiff's claims are barred, in whole or in part, under the doctrines of equitable estoppel, promissory estoppel, unjust enrichment, quantum meruit, unclean hands, laches, and/or any other principles of equity.

91. Plaintiff's claims, in whole or in part, are barred by the doctrines of waiver, acquiescence and/or consent.

92. Plaintiff's claims, in whole or in part, are barred by the terms of the parties' Used Aircraft Sales Agreement which, among other things, specifically indicated that the Hawker Aircraft was sold "as is" and specifically included an express waiver of all warranties, including an express waiver of any warranty related to airworthiness or the Aircraft's condition.

93. Plaintiff's claims, in whole or in part, are barred by his own failure to conduct due diligence in inspecting the Hawker Aircraft prior to completing the transaction.

94. Plaintiff's claims, in whole or in part, are barred by his own failure to mitigate, minimize or avoid any damages it allegedly sustained.

95. Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory or comparative negligence or by his own fault or wrongful conduct.

96. Plaintiff's claims are barred, in whole or in part, because he has failed to assert fraud with particularity.

97. Plaintiff's claims are barred, in whole or in part, because Elliott Aviation did not owe Plaintiff a duty of care.

98. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to identify any material misrepresentations made by Elliott Aviation.

99. Plaintiff's claims are barred, in whole or in part, as a result of the disclosures made by Elliott Aviation prior to Plaintiff's purchase of the Hawker Aircraft.

100. Plaintiff's claim under the Iowa Consumer Fraud Act is barred because the Hawker Aircraft does not constitute "consumer merchandise" as set forth under the statute.

101. Plaintiff's claims are barred, in whole or in part, under the economic loss doctrine.

102. Plaintiff's claims are barred, in whole or in part, because Plaintiff disclaimed all representations under the parties' Used Aircraft Sales Agreement.

103. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

104. To the extent that Plaintiff has failed to adequately preserve the aircraft components and related material evidence, Plaintiff's claims are barred, in whole or in part, under the doctrine of spoliation of evidence.

105. Elliott Aviation specifically reserves any other affirmative defenses or objections available to it under the applicable laws or Rules of Civil Procedure.

**WHEREFORE,** Elliott Aviation prays for relief as follows in response to Plaintiff's Complaint:

1. Plaintiff's Complaint be dismissed on its merits and with prejudice and whatever other such relief this Court deems appropriate under the facts and law of this jurisdiction.

2. Elliott Aviation be awarded its attorneys' fees and costs under the parties' Used Aircraft Sales Agreement.

3. Elliott Aviation be awarded attorneys' fees and costs associated with defending this matter.

4. Elliott Aviation be awarded any other relief permissible under the circumstances.

5. For such other and further relief as the Court deems just and equitable.

**FAFINSKI MARK & JOHNSON, P.A.**

Dated: April 14, 2014

By: s/ Patrick J. Rooney

Patrick J. Rooney (MN #198274) (*Pro Hac Vice*)
Peter A. T. Carlson (MN #350448) (*Pro Hac Vice*)
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
Telephone: 952.995.9500
Facsimile: 952.995.9577
*patrick.rooney@fmjlaw.com*
*peter.carlson@fmjlaw.com*

and

Michael P. Byrne AT0001397
Lane & Waterman LLP
220 N. Main St., Ste. 600
Davenport, IA 52801
Phone: 563-324-3246
Fax: 563-324-1616
*mbyrne@l-wlaw.com*

**ATTORNEYS FOR DEFENDANT ELLIOTT AVIATION AIRCRAFT SALES INC. d/b/a ELLIOTT AVIATION**

I hereby certify that on this 11th day of April, 2014, I filed the foregoing Answer to the Amended Complaint with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record in this litigation.

s/ Patrick J. Rooney
Patrick J. Rooney (MN #198274)